**UNITED STATES DISTRICT AND BANKRUPTCY COURTS FOR THE DISTRICT OF COLUMBIA**

RODERICK A. GOODE                           )
11319 Glen Park Drive                        )
Fredericksburg, Virginia 22407               )
                                             )
    *Plaintiff,*                         )
                                             )   Case No.: <u>25-1669</u>
v.                                           )
                                             )   Jury Trial Requested: Yes
AMAZON.COM, INC.; AMAZON.COM SERVICES LLC )
c/o Corporation Service Company              )
300 Deschutes Way SW, Suite 208 MC-CSC1      )
    *Defendant*.                         )

## COMPLAINT

COMES NOW, the Plaintiff, Roderick A. Goode ("Plaintiff"), by counsel, and states as follows in support of his employment discrimination complaint:

<u>FACTS OF THE CASE</u>

- Defendants, Amazon.com, Inc. and Amazon.com Services LLC (together, "Amazon") operate the DVA3 "fulfillment center" ("the Facility"), located at 181 Centreport Parkway, Fredericksburg, Virginia 22406. The Facility employs more than 501 employees.

- Plaintiff has been one such employee of Amazon's facility since November 2022, continuing to remain employed as a warehouse associate.

- Plaintiff is African American and at 57 years old is one of the oldest operational employees in the Facility.

- Between November 1, 2023 and February 8, 2025, Plaintiff experienced discrimination based upon his race and age pursuant to Title VII of the Civil

Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

- In November 2023, Plaintiff was transferred from an under the roof ("UTR") graveyard shift to an other than roof ("OTR") shift.

- Plaintiff was repeatedly placed on back-to-back schedules, assigned to work both UTR and OTR shifts which Plaintiff was unable to change or complete before losing his unpaid time which triggers automatic terminations prior to going through an extensive administrative appeal process that was ultimately approved by the regional human resource manager at the time, Andrea Faby.

- During roughly the same time period, a co-worker of Plaintiff facing identical scheduling transitions from UTR to OTR was permitted to change their schedule without needing to be subjected to an extensive several month appeal process. Both Plaintiff and his associate used the same site human resource manager, Caleb Trudeau.

- This coworker was approximately 23 years old at the time.

- In 2024, Plaintiff's direct supervisor, Samiya Hale, was replaced with Jorge Bello, who targeted Plaintiff through adverse treatment not reflected to coworkers who were either younger or not African American.

- In May 2024, employees of the Facility were permitted to take their 15-minute break prior to accepting voluntary time off.

- Upon Plaintiff's request to exercise this time, Mr. Bello denied the request and claimed that Plaintiff had not worked four (4) hours prior to making the request, a requirement not imposed on the other younger employees.

- On May 15, 2024, Mr. Bello granted several employees their 15-minute breaks prior to awarding them voluntary time off ("VTO") upon request but then denied Plaintiff's identical request.

- All of the employees granted their breaks prior to accepting VTO were significantly younger than Plaintiff and between Plaintiff and these employees, Plaintiff was the only African-American employee.

- After first having meetings with the director of OTR, Joshua Horton, site human resource manager, Geo Atkins-West, and the general manager of the warehouse, Seth Afman, On May 22, 2024, Plaintiff formalized the complaint with the human resources department about the disparate treatment, but Plaintiff was largely kept uninformed of the details of the investigation process until receiving notice on July 22, 2024 that the investigation was completed on July 11, 2024.

- Plaintiff was informed that an individual external to the Facility would conduct a full investigation, but this did not occur. Instead, Defendant used the site human resource manager, Geo Atkins-West to conduct the investigation.

- Plaintiff promptly made subsequent outreach efforts to address the issue with Mr. Bello and included a request to obtain a new supervisor.

- Ultimately, no positive action was taken to address Plaintiff's grievances. Rather, Plaintiff has experienced stagnation in his career progression at the Facility.

- Prior to reporting the disparate treatment he experienced regarding Defendant's VTO policy implementation, Plaintiff was invited to become a Learning Ambassador, a position paving the way for further career upward mobility.

- After making his report, Plaintiff attempted to pursue this opportunity and was denied, being informed that "he wasn't qualified."

- Plaintiff has observed that coworkers who were younger and/or of a different race were able to seize these opportunities and have since progressed in their employment.

- Following this incident, Plaintiff received a new direct supervisor, Noah Eckenrode, not as a result of Plaintiff's complaint but due to the prior supervisor seeking other opportunities.

- On or about January 9, 2025, during a regional snowstorm, Plaintiff was assigned to a loading pad for transferring returns ("Pad 1").

- Plaintiff was the sole employee assigned to handle significant workload on Pad 1 despite there being multiple co-workers idling in the immediate vicinity.

- Consequently, Plaintiff again made a complaint, and the subsequent investigation found that the management of Pad 1 was improperly handled.

- However, the investigators repeatedly hindered Plaintiff's participation in the investigation process; at one point denying Plaintiff the ability to speak to an investigator with his counsel present.

- Most recently, on or about May 3, 2025, Plaintiff made a formal request for bereavement leave and did not receive a response until May 8, which fell outside

of the Facility's typical 24-48 hour response period and was provided only after Plaintiff made multiple attempts to follow up on his request with the regional director of human resources.

COUNT I – AGE DISCRIMINATION – ADEA

- Defendant's discriminatory treatment of Plaintiff and subsequent retaliation was motivated by and due to Plaintiff's age. Further, Defendant's actions were willful and have negatively impacted Plaintiff's employment opportunities. As such, Defendant's conduct constituted unlawful employment practices in violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

COUNT II – RACE DISCRIMINATION – TITLE VII of the CRA of 1964

- Defendant's discriminatory treatment of Plaintiff and subsequent retaliation was motivated by and due to Plaintiff's race. Further, Defendant's actions were willful and have negatively impacted Plaintiff's employment opportunities As such, Defendant's conduct constituted unlawful employment practices in violation of the Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17.

DAMAGES

- The effect of Defendant's wrongful conduct as described above has been to deprive Plaintiff of equal employment opportunities and to otherwise affect Plaintiff's status as an employee.

- As a proximate result of Defendant's actions, Plaintiff seeks damages and other relief for harms and losses as follows:

  - Lost benefits in the past and in the future;

  - Damages for non-pecuniary losses, including inconvenience and loss of enjoyment of life in the past and in the future;

  - Equitable relief:

    - An order of reinstatement or, if reinstatement is impracticable, front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    - An injunction ordering Defendant to include a copy of the verdict in Plaintiff's personnel file.

  - Exemplary/Punitive damages;

  - Reasonable attorney's fees, expert fees, other litigation expenses, and court costs; and

  - Pre-judgement interest.

## JURISDICTION

- The Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1367, based upon federal question subject matter jurisdiction. Personal jurisdiction over the Defendant is further proper as Defendant possesses minimum contacts within the District based upon its regular business operations.

## ADMINISTRATIVE PREREQUISITES

- Plaintiff has fulfill all conditions precedent to filing of this suit under the applicable statutes and has duly exhausted all administrative prerequisites prior to instituting this action in accordance with the law. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff has further been issued a Right to Sue Letter by the EEOC, and this suit is being filed within 90 days of Plaintiff's receipt of said Right to Sue Letter.

JURY DEMAND

- Plaintiff further requests that this Court impanel a lawful jury to hear this case.

PRAYER

WHEREFORE, Plaintiff prays that the Defendant be required to appear and to answer herein and that, upon a final hearing, the Court enter judgement in favor Plaintiff against Defendant for front pay or reinstatement, exemplary damages, injunctive relief, expert and attorney's fees, with pre- and post-judgement interest at the highest rate allowable law, costs of court, and all such other and further relief at law or at equity to which the Plaintiff may be entitled.

Respectfully Submitted,

RODERICK A. GOODE
By Counsel

*Miles D. Franklin*
_____
MILES D. FRANKLIN, ESQ. VSB No: 96976
BANKS & ASSOCIATES
3158 Golansky Boulevard, Suite 201
Woodbridge, Virginia 22192
Telephone No. (276) 773-6102
Facsimile No. (571) 449-2071
Email: legal@milesfranklinlaw.com; miles.d.franklin@milesfranklinlaw.com
*Counsel for Plaintiff*