IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODERICK A. GOODE, | |
| **Plaintiff,** | |
| **v.** | |
| | **Civil Action 1:25-cv-01669-MJS** |
| AMAZON.COM, INC.; AMAZON.COM SERVICES LLC, | |
| **Defendants.** | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

In his untimely Opposition to Defendants Amazon.com, Inc. and Amazon.com Services LLC ("Amazon")[1] (collectively, "Defendants" or "Amazon") Motion to Dismiss or, in the Alternative, to Transfer Venue ("Motion"), Plaintiff Roderick A. Goode ("Plaintiff") does not seek leave to file out of time and concedes this Court is not the proper venue for his claims. In addition, he does not articulate the proper pleading standards for his purported age and race discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), which in any event his Complaint does not satisfy. As set forth in Amazon's opening brief and below, the Court should grant Amazon's Motion and dismiss Plaintiff's Complaint, or at least transfer this action to the United States District Court for the Eastern District of Virginia, Richmond Division.

---

[1] Plaintiff's employer, and the correct defendant in this action, is Amazon.com Services LLC.

## I.    LEGAL ARGUMENT

### A.    Plaintiff Concedes Defendants' Motion Because He Did Not Timely File His Opposition, He Did Not Seek Leave to File Out of Time, and He Expressly Agrees That Venue in This Court Is Improper.

Amazon filed its Motion on September 24, 2025. (ECF No. 9.) This Court's Local Rules required Plaintiff to file any response within 14 days, which was October 8, 2025. *See* L.Cv.R 7(b). However, his counsel did not file Plaintiff's two-page Opposition until 21 days after Amazon's Motion and did not seek leave of the Court to file out of time. (ECF No. 11 ("Opp.").) Indeed, Plaintiff's Opposition does not even acknowledge that his filing is late. (*See id.*) The Court may and should "treat the motion as conceded" and summarily dismiss Plaintiff's claims on this basis alone. L.Cv.R 7(b).

Even if the Court were to excuse Plaintiff's unexplained untimeliness, Plaintiff explicitly "concedes the Richmond Division of the United States District Court for the Eastern District of Virginia ('Richmond Division') is the more appropriate venue for this matter than this court and does not object to an order transferring the matter to the Richmond Division." (ECF No. 11.) This Court should, at minimum, grant Amazon's Motion as unopposed with regard to venue and transfer this action to the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. § 1406(a).

### B.    Plaintiff Still Fails to State Claims for Age or Race Discrimination in Violation of the ADEA or Title VII.

More critically, Plaintiff's Opposition fails to rebut Amazon's arguments related to dismissal of his age and race discrimination claims. First, Plaintiff does not point to any allegations in his Complaint that satisfy the requirement to properly plead a discrimination claim – specifically, any adverse employment action based on his age or race. Plaintiff also fails to point to any allegations that coworkers outside of his protected classes were treated more favorably. *See, e.g.*, *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002) (Title VII discrimination claim alleges

that plaintiff (1) is member of protected class; (2) suffered adverse employment action; and (3) that action implies discrimination). Plaintiff's Opposition does not even state the elements he needs prove to establish a viable claim for discrimination in violation of the ADEA or Title VII.

Instead, Plaintiff asserts vaguely—without citing to any legal support—that his Complaint "notes multiple instances during his employment with Amazon where the discriminatory treatment he received from his supervisors while at the workplace [*sic*], that said treatment negatively impacted his employment, and that he alleges this treatment was motivated by his race and age." (ECF No. 11 at 2.) He does not cite to any allegations in his Complaint to identify these purported "multiple instances" of "discriminatory treatment." Nor does he respond to Amazon's argument that even treatment that purportedly "negatively impacted his employment" does not constitute an adverse employment action, as a matter of law, for purposes of his discrimination claims. (Motion at 5-6 (citing *Muldrow v. City of St. Louis*, 601 U.S. 346, 354-55 (2024)). Plaintiff remains a current Amazon employee, and he does not allege that Amazon disciplined or demoted him, subjected him to diminished responsibilities or a reduction in pay, or imposed any other similar change in terms and conditions of employment that would give rise to a claim for discrimination.

Second, Plaintiff also fails to point to any factual allegations of a causal connection between his protected characteristics and any purported adverse employment action(s). *See Arias v. Marriott Int'l, Inc.*, 217 F. Supp. 3d 189, 195 (D.D.C. 2016) (dismissing plaintiff's race discrimination claim because plaintiff failed to plead causal connection between her race and adverse employment action); *Bishop v. United States Dep't of Agric.*, No. 1:22-cv-0635, 2022 WL 17415049, at *2 (D.D.C. Dec. 5, 2022) (dismissing complaint where plaintiff "only manage[d] to allege, in conclusory fashion, that he [was] a member of a protected class who suffered an adverse employment action because of his race and sex"). Stating that "he alleges this treatment was

motivated by his race and age" is not enough, and Plaintiff fails to make any non-conclusory

argument in his Opposition to address this deficiency. (Opp. at 2.)[2]

As set forth in *Ashcroft v. Iqbal*, Plaintiff's Complaint must contain factual allegations from

which a reasonable inference can be drawn that Amazon took an adverse employment action

against him *because of* his protected characteristics.556 U.S. 662, 678-679 (2009). At best,

Plaintiff alleges nothing more than general, speculative legal conclusions couched as factual

allegations that fail to describe any actionable adverse employment actions. Because Plaintiff fails

to allege essential elements of any discrimination claim – an adverse employment action and

causation between a protected characteristic and adverse action – the Court should dismiss his

claims.

## II.    CONCLUSION

Based on the foregoing, and for all the reasons stated in its Motion, Amazon respectfully

requests that the Court grant its Motion and dismiss Plaintiff's Complaint in its entirety, with

prejudice, or, in the alternative, transfer this action to the United States District Court for the

Eastern District of Virginia, Richmond Division.

---

[2] Plaintiff further states that he "has not yet provided documentation or indicated he has such documentation in his pleadings as that is an evidentiary question outside of the scope of an initial complaint." (Opp. at 2.) Amazon did not suggest any requirement to provide *evidence* at this juncture, but rather only to plead factual *allegations* that, taken as true, would establish the elements of Plaintiff's claims. (Motion at 5-8.) As Amazon explained in its Motion, "[f]ailing to allege an essential element of a claim warrants dismissal." (*Id.* at 4-5 (quoting *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) (noting there is "no basis for allowing a complaint to survive a motion to dismiss when it fails to allege essential elements of a plaintiff's claim")).) Here, Plaintiff has not pleaded any such factual allegations to sustain his claims. (*See id.*)

Dated:  October 22, 2025

Respectfully submitted,

 */s/ G. Bethany Ingle*

G. Bethany Ingle (Bar No. D00531)
Janea Hawkins (Bar No. 1025600)
LITTLER MENDELSON, P.C.
1800 Tysons Blvd.
Suite 500
Tysons Corner, VA 22102
Telephone:  703.286.3135
Facsimile:   703.563.9540
gingle@littler.com
jhawkins@littler.com

*Attorney for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 22nd day of October, 2025, Defendants' foregoing Reply in Support of Their Motion to Dismiss or, in the Alternative, to Transfer Venue was filed using the Court's CM/ECF system, which sent notice of the same to:

> Miles D. Franklin, Esq.
> BANKS & ASSOCIATES
> 3158 Golansky Boulevard, Suite 201
> Woodbridge, Virginia 22192
> miles.d.franklin@milesfranklinlaw.com
>
> *Counsel for Plaintiff*

*/s/ G. Bethany Ingle*
G. Bethany Ingle
