UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RODERICK A. GOODE,

    Plaintiff,

v.

AMAZON.COM, INC., *et al.*,

    Defendants.

Case No. 25-cv-1669-MJS

## MEMORANDUM ORDER

Plaintiff Roderick Goode lives in Fredericksburg, Virginia and works at an Amazon fulfillment center in Fredericksburg, Virginia. Despite those Virginia ties, Goode chose to file this employment discrimination lawsuit here in the District of Columbia. Defendants Amazon.com, Inc. and Amazon.com Services, LLC (together, "Amazon") now move to dismiss for improper venue and for failure to state a plausible claim. *See* Fed. R. Civ. P. 12(b)(3) & 12(b)(6). Amazon alternatively moves to transfer the case to the U.S. District Court for the Eastern District of Virginia. For his part, Goode filed an untimely response that barely engages with Amazon's plausibility arguments and ignores the improper venue issue entirely. But Goode agrees that transfer is warranted. So, for the reasons that follow, the Court **GRANTS IN PART** Amazon's motion (ECF No. 9) and **TRANSFERS** this case to the Eastern District of Virginia.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations of the complaint, which the Court recites at face value for these purposes, Goode began working at Amazon's Fredericksburg fulfillment center in November

2022, where he remains employed today. (ECF No. 1 ("Compl.") at 1.)[1] Goode asserts that between November 2023 and February 2025, Amazon discriminated against him on account of his race (African American) and age (57), allegedly through adverse shift scheduling and less desirable shift assignments, disparate practices around 15-minute breaks, "stagnation" in his career progression, and more. (*See id.* at 1–5.) Goode asserts two counts of discrimination: one under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and another under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* The complaint invokes federal-question jurisdiction under 28 U.S.C. § 1331 (*see* Compl. at 6), but, relevant here, it omits any allegations surrounding the invocation of venue in this District.

Following service, Amazon timely filed its motion on September 24, 2025. (ECF No. 9.) Under the Court's Local Rules, that meant Goode's opposition brief was due fourteen (14) days later, by October 8. *See* LCvR 7(b). Goode missed that deadline. Instead, a full week later, on October 15, he filed a three-page response without so much as a recognition that the brief was untimely, much less any explanation for the delay. (ECF No. 11.) In that brief, Goode contests— at least in some sense—Amazon's Rule 12(b)(6) dismissal arguments, but he fails to address the propriety of venue in the District of Columbia. Instead, Goode acknowledges that the Eastern District of Virginia is the "more appropriate venue" and "does not object" to transfer. (*Id.* at 1–2.)

## DISCUSSION

Federal Rules of Civil Procedure 12(b)(3) allows a party to seek dismissal for improper venue. Fed. R. Civ. P. 12(b)(3). Although the moving party "must provide sufficient specificity to put the plaintiff on notice" of the claimed venue defect, "the burden remains on the plaintiff to

---

[1] Because the complaint uses generic bullet points instead of sequentially numbered paragraphs, the Court cites to the allegations of the complaint by the page number on which they appear.

establish that venue is proper." *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014) (cleaned up), *aff'd*, 602 F. App'x 836 (D.C. Cir. 2015); *see also Corsi v. InfoWars, LLC*, 2020 WL 1156864, at *2 (D.D.C. Mar. 10, 2020) ("When venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of establishing that the district she has chosen is a proper venue."). "Venue determinations are driven by 'commonsense appraisal[s]' of the 'events having operative significance in the case.'" *Burroughs v. Noem*, 2025 WL 561285, at *2 (D.D.C. Feb. 20, 2025) (quoting *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir. 1978)).

Goode's claims are premised on two different federal statutes: Title VII and the ADEA. Title VII includes a specific venue provision that allows a plaintiff to bring suit where: (1) "the unlawful employment practice is alleged to have been committed"; (2) "the employment records relevant to such practice are maintained and administered"; or (3) the "aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Finally, if the defendant "is not found within" any of those districts, the plaintiff may sue where the defendant "has [its] principal office." *Id.* The ADEA, by contrast, keys off the default venue provision for civil actions, such that a plaintiff may bring suit where: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a substantial part of the events or omissions giving rise to the claim occurred"; or if neither applies, then (3) where "any defendant is subject to the court's personal jurisdiction" for the action. 28 U.S.C. § 1391(b).

Amazon asserts that Goode fails to allege any facts to show proper venue in the District of Columbia, whether under Title VII's specific venue provision or Section 1391's general venue provision.[2] As Amazon tells it, Goode's allegations instead point to the Eastern District of Virginia

---

[2] Amazon does not argue that one of these frameworks should control over the other. Caselaw in this District reflects that Title VII's venue provision should control. *See, e.g.*, *Braun v. U.S. Dep't of the Interior*, 288 F. Supp. 3d 293, 301 (D.D.C. 2018) ("The authority in this Circuit indicates that when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the

3

as the "only proper" venue, including because that is where all the allegedly unlawful employment practices occurred (at the Fredericksburg facility), where Goode's employment records are maintained, and more. (*See* ECF No. 9-2 at 8–11.) Goode's response offers zero rebuttal to these points. He neglects to argue how or why he believes venue could be proper here, and certainly not with reference to the actual venue provisions and requirements that govern. In short, Goode fails to carry his burden to demonstrate the correctness of venue in this District, and the Court agrees with Amazon that the District of Columbia is not a proper venue for this action.

After finding that venue is improper, a court can either dismiss the case or transfer it to a proper venue "in the interest of justice." *See* 28 U.S.C. § 1406(a). On that question, the D.C. Circuit has explained that the "standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it." *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001); *see also Hildebrand v. U.S. Dep't of Defense*, 2024 WL 5046281, at *5 (D.D.C. Dec. 9, 2024) (granting transfer in lieu of dismissal). As indicated, Amazon contends that the Eastern District of Virginia (Richmond Division) is a proper venue, and the Court agrees. That is where Amazon's Fredericksburg fulfillment center is located, *see* E.D. Va. LCvR 3(B)(4) (specifying that the City of Fredericksburg falls within the E.D. Va.'s Richmond Division), and that is the place where the allegedly unlawful employment practices occurred, 42 U.S.C. § 2000e-5(f)(3); *see also* 18 U.S.C. § 1391(b)(2). In fact, Goode "concedes" that the Eastern District of Virginia is the "most appropriate venue" and "does not object" to such a transfer. (ECF No. 11 at 1.) On balance, the

---

general venue provision, the narrower venue provision of § 2000e-5(f)(3) controls."), *aff'd sub nom. In re Braun*, 2018 WL 11300459 (D.C. Cir. Dec. 28, 2018); *see also Munoz v. England*, 2006 WL 3361509, at *7 (D.D.C. Nov. 20, 2006) (same) (applying Title VII's venue provision to Title VII and ADEA claims). On balance, the Court need not reach that issue because the same result follows under either framework.

4

Court concludes that the interest of justice favors transfer over dismissal in this case, and it will transfer the case accordingly.[3]

## CONCLUSION AND ORDER

For the reasons explained, Amazon's motion is **GRANTED IN PART**, and the Court accordingly **ORDERS** that the Clerk of Court shall respectfully **TRANSFER** this case to the U.S. District Court for the Eastern District of Virginia, Richmond Division.

**SO ORDERED**.

Dated: October 27, 2025

MATTHEW J. SHARBAUGH
United States Magistrate Judge

---

[3] Because the Court finds the venue issue to be dispositive, it declines to reach Amazon's alternative dismissal arguments under Rule 12(b)(6). *See Bourdon v. United States Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 309 (D.D.C. 2017) (declining to rule on a 12(b)(6) motion for failure to state a claim after concluding that transfer was proper). The Court thinks it better to leave any lingering dismissal matters for the Eastern District of Virginia to evaluate and resolve, as necessary, after transfer.